IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EUGENE SCALIA, <br> Secretary of Labor <br>             Plaintiff, <br> <br>       vs. <br> <br> VAUGHAN HOME CARE SERVICES, <br> INC., *et al.*, <br>             Defendants. | Civil Action No.   ADC-19-3164 |

## **MEMORANDUM OPINION**

Plaintiff, Eugene Scalia, Secretary of Labor for the United States Department of Labor, moves this Court for sanctions against Defendants, Vaughan Home Care Services, Inc. and Anne Osei (collectively "Defendants"), in the form of a default judgment ("Motion for Sanctions") (ECF No. 22). In response, Defendants consented to many of, but not all, Plaintiff's requested relief (ECF No. 23). Plaintiff does not intend to file a reply to Defendants' response. After considering the Motion and the response thereto, the Court finds no hearing is necessary. For the reasons stated herein, the Court GRANTS Plaintiff's Motion for Sanctions.

### **FACTUAL BACKGROUND**

In January 2019, the United States Department of Labor ("DOL") began investigating Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). ECF No. 22-5 at 1, ¶ 2–3. The DOL was investigating whether Defendants were complying with the FLSA's minimum wage, overtime, and recordkeeping provisions from February 1, 2016, through February 1, 2019. *Id.* At all times relevant to the investigation and now, Defendant Anne Osei was the owner, president, and registered agent of Vaughan Home Care Services, Inc. *Id.* at

1–2, ¶ 4. The DOL determined that Defendants were not paying their employees required overtime premiums for hours worked in excess of forty hours per week. *Id.* at 2, ¶¶ 5–8.

## PROCEDURAL BACKGROUND

On October 31, 2019, Plaintiff filed the Complaint against Defendants in this Court.[1] ECF No. 1. Defendants filed an Answer on December 27, 2019. ECF No. 7. On February 11, 2020, Plaintiff served upon Defendants a set of interrogatories and requests for production of documents, *see* ECF No. 22-2, which Defendants had thirty days to answer. After the deadline for Defendants to answer passed, Plaintiff attempted to confer with Defendants to resolve the dispute and offered to extend their deadline to respond, but Defendants were noncompliant and nonresponsive. On April 7, 2020, the parties had a conference call with the Court and the Court enlarged the deadline for Defendants to respond to the discovery requests until June 19, 2020. ECF No. 15. Defendants again failed to respond to the discovery requests. On July 9, 2020, the parties had a second conference call with the Court regarding Defendants' failure to respond to discovery and participate in the litigation. ECF No. 21. On August 3, 2020, Plaintiff filed this Motion for Sanctions. ECF No. 22. Defendants responded the same day consenting in part and opposing in part. ECF No. 23. Plaintiff has informed the Court it does not intend to file a reply. This matter is now fully briefed, and the Court has reviewed Defendant's Motion and the responses thereto. No hearing is necessary. Local Rule 105.6.

## DISCUSSION

**A. Standard of Review**

---

[1] On October 31, 2019, in accordance with Standing Order 2019-07 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 2.

Pursuant to the Federal Rules of Civil Procedure, parties may serve discovery requests, including interrogatories, upon one another, and the served party has thirty days to file either an answer or an objection, unless otherwise ordered by the court. FED.R.CIV.P. 33(b). When a party fails to comply with a discovery order, a court can impose a variety of sanctions on the noncomplying party, including entering a default judgment. FED.R.CIV.P. 37(2)(A). In order for a court to impose a sanction of default judgment against a noncomplying party, the court must assess: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary . . . ; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Davis v. United States*, 767 F.App'x 396, 398 (4th Cir. 2018) (per curiam) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)).

For a court to grant default judgment as relief in a motion for sanctions, however, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Lopez v. XTEL Const. Group, LLC*, No. PWG-08-1579, 2011 WL 6330053, at *2 (D.Md. Dec. 16, 2011) (quoting *DirectTV, Inc. v. Pernites*, 200 F.App'x 257, 258 (4th Cir. 2006)). "Accordingly, the Court must 'consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. § 2688 (3d ed. 1998)).

### B. Plaintiff's Motion for Sanctions

In its Motion for Sanctions, Plaintiff requests as relief a default judgment against Defendants. Here, a default judgment is an appropriate sanction for Defendants' continued discovery violations. Notably, Defendants did not object to an entry of default against them in their response. *See* ECF No. 23. Even if Defendants had objected, however, an entry of default would

3

still be appropriate, as Defendants consistently ignored the Court's orders to respond to Plaintiff's discovery requests, which prevented Plaintiff from developing any further evidence in support of its case.

Plaintiff requests the following relief in its Motion for Sanctions:

(1) a finding that Vaughan Home Care Services, Inc. is a covered enterprise under the FLSA and Anne Osei is jointly and severally liable as an employer;

(2) a finding that Defendants are liable for violations of Section 7 of the FLSA for failure to pay overtime wages;

(3) a finding that Defendants' Section 7 violations were willful;

(4) a finding that Defendants are liable for violations of Section 11(c) of the FLSA for failure to comply with recordkeeping requirements;

(5) a finding that Defendants are liable under Section 16(c) of the FSLA for back wages totaling $105,170.03, as well as an equal amount of liquidated damages, for violations occurring from February 1, 2016, through February 1, 2019;

(6) a permanent injunction preventing Defendants from further FLSA violations; and

(7) an order requiring Defendants produce to Plaintiff electronic copies of all hours worked by Defendants' employees, timesheets, and wage payments made to Defendants' employees from February 1, 2019, through the date of this Letter Order.

*See* ECF No. 22-6. In their response, Defendants admitted to the following:

(1) Vaughan Home Care Services, Inc. is a covered enterprise under the FLSA and Anne Osei is jointly and severally liable as an employer;

(2) Defendants are liable for violations of Section 7 of the FSLA for failure to pay overtime wages; and

4

(3) Defendants are liable under Section 16(c) of the FLSA for back wages totaling $57,720.13, for violations occurring from February 1, 2017, through February 1, 2019.

ECF No. 23 at 1–2. Defendants deny

(1) their Section 7 violations were willful;

(2) they are liable for violations of Section 11(c) of the FLSA for improper recordkeeping;

(3) they are liable for liquidated damages under Section 16(c) of the FLSA; and

(4) that injunctive relief is necessary.

*Id.* at 2. Defendants consent to

(1) refraining from further FLSA violations;

(2) production of electronic copies of all hours worked by Defendants' employees, timesheets, and wage payments to Defendants' employees from February 1, 2019, through the entry of this Letter Order; and

(3) payment of a monetary judgment totaling $210,340.12.

*Id.* The Court need not address Plaintiff's requests to which Defendants have already admitted or consented. Plaintiff has provided a sufficient factual basis in its pleadings to support the allegations.

The first relief Plaintiff requested to which Defendant did not consent is a finding that Defendants' violations of Section 7 of the FLSA were willful. In order for an FLSA violation to be willful, the employer must have "either kn[own] or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 357 (4th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Here, it is indisputable that Defendants' Section 7 violations were willful. This is

clearly evidenced by the overtime "waivers" Defendants required their employees sign, which stated:

> I, [employee], Understand that Vaughan Home Care does not pay overtime wages. If I want to pick up more than 40 hours a week I may do so. In picking up the additional hours my pay will stay at my current base rate. The State of Maryland does not pay overtime to the agency so in turn the agency does not pay overtime to its employee's [*sic*]. By signing this waiver you are acknowledging that you understand this policy and are agreeing to these terms.

ECF No. 22-5 at 46–47. Such waivers are never enforceable. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate" (internal citation omitted)). Though the waiver itself is sufficient evidence that Defendants had reckless disregard for the requirements of the FLSA, Defendant Osei also admitted during the Department of Labor investigation that she knew about the FLSA's overtime requirements. *See* ECF No. 22-5 at 2, ¶ 9. Accordingly, Defendants willfully violated Section 7 of the FLSA, and Plaintiff is entitled to default judgment on this ground.

Next, Plaintiff requested a finding that Defendants violated Section 11 of the FLSA's recordkeeping provisions. Section 11(c) requires that employers "shall make, keep, and preserve such records of persons employed by him and of the wages, hours, and other conditions and practices of employment," 29 U.S.C. § 211(c), and payroll records must be preserved for three years, 29 C.F.R. § 516.5(a). These records must reflect the "[h]ours worked each workday and total hours worked each workweek." 29 C.F.R. § 516.2(a)(7); *see also U.S. Dep't of Labor v. Fire & Safety Investigation Consulting Servs., LLC*, 915 F.3d 277, 287 (4th Cir. 2019). Plaintiff provided to the Court extensive timesheets he obtained from the Department of Labor's investigation into Defendants. *See* ECF No. 22-5 at 4–45. These timesheets reflect on their faces

that Defendants only recorded the number of hours the employees worked over a two-week pay period, not the breakdowns for each workday or each workweek. Defendants' bare bones records evince they failed to meet the requirements of the Section 11 recordkeeping requirements, and Plaintiff is entitled to default judgment on this ground.

Third, Plaintiff requested a finding that Defendants are liable for liquidated damages totaling $105,170.03, under Section 16(c) of the FLSA. Though Defendants consented to paying Plaintiff's full requested sum of damages, they deny that they are liable for liquidated damages under Section 16. Section 16 provides the Secretary of Labor—here, Plaintiff—may seek "the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages" when employers violate Section 7 of the FLSA. 29 U.S.C. § 216(c). Under this Section,

> the FLSA requires a district court to award liquidated damages equal to the amount of unpaid wages or overtime compensation, unless the court, in its discretion, determines that "the employer shows . . . that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."

*Braxton v. Jackson*, 782 F.App'x 240, 245 (4th Cir. 2019) (quoting 29 U.S.C. § 260). In this context, "[g]ood faith 'requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them.'" *Id.* (quoting *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997)). I have already found Defendants did not act in good faith. As noted above, Defendants were aware of the requirements of the FLSA, and, in fact, they took active steps *not* to comply with them by requiring employees sign unenforceable "overtime waivers." Accordingly, Defendants are liable for liquidated damages, and Plaintiff is entitled to default judgment on this ground.

Finally, Plaintiff requests that the Court permanently enjoin Defendants from committing further violations of the FLSA. While Defendants do consent to refrain from further FLSA

violations, they deny that injunctive relief is necessary. Section 17 of the FLSA authorizes the Court to grant injunctive relief against future violations. 29 U.S.C. § 217. When the Department of Labor shows an employer violated the FLSA, "the district court should ordinarily grant injunctive relief, even if the employer is in present compliance." *Acosta v. Romero Landscaping, Inc.*, No. PWG-17-2587, 2019 WL 4447233, at *10 (D.Md. Sept. 17, 2019) (quoting *Marshall v. Van Matre*, 634 F.2d 1115, 1117 (8th Cir. 1980)). Based on Defendants' violations, injunctive relief is appropriate here. Accordingly, Defendants are permanently enjoined from committing further violations of the FLSA.

In summary, the Court makes the following findings: (1) Vaughan Home Care Services, Inc. is a covered enterprise under the FLSA and Anne Osei is jointly and severally liable as an employer; (2) Defendants committed violations of Sections 7 and 11 of the FLSA; (3) Defendants' Section 7 violations were willful; (4) Defendants are liable for $105,170.03 in back wages and for an equal amount of liquidated damages under Section 16, totaling $210,340.06; (5) Defendants are permanently enjoined from further violating the FLSA; and (6) Defendants are ordered to produce to Plaintiff electronic copies of all hours worked by Defendants' employees, timesheets, and wage payments made to Defendants' employees from February 1, 2019, through the date of this Memorandum Opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 22) is GRANTED. A separate Order will follow.

 August 13, 2020                               /s/                    
Date                                                        A. David Copperthite
                                                            United States Magistrate Judge